UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00767-JWH-ADS | Date | May 20, 2026 |
| Title | *Reign Matheny, et al. v. Costco Wholesale Corporation, et al.* | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

Plaintiff Reign Matheny, a California citizen,[1] originally filed this action in Orange County Superior Court against Defendants Costco Wholesale Corporation and Yin Lawler.[2]  Matheny asserts claims arising from an injury that she allegedly sustained while visiting a Costco store in Cypress, California.[3]  Matheny alleges that "store manager Yin Lawler negligently maintained the premises in a dangerous condition, directly causing Plaintiff's injuries."[4]

Costco, a corporate citizen of Washington, removed the action to this Court, asserting diversity jurisdiction.[5]  Costco does not explicitly allege Lawler's

---

[1]    Notice of Removal, Ex. B [ECF No. 1-1] 3:1-9.

[2]    *Id.*, Ex. A-1 (the "Complaint").

[3]    *See generally id.*

[4]    *Id.* at 4.

[5]    *See generally* Notice of Removal [ECF No. 1].

**CIVIL MINUTES— GENERAL**            Initials of Deputy Clerk <u>cla</u>

citizenship, but it argues that Lawler is a sham defendant, so, Costco reasons, Lawler's presence as a party-defendant does not defeat diversity jurisdiction.[6]

As an initial matter in every case, the Court must ensure that it possesses subject matter jurisdiction. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" 28 U.S.C. § 1332. Furthermore, the Federal Rules of Civil Procedure require that, for an action based upon diversity jurisdiction, each party or intervenor "*must*" file a disclosure statement naming and identifying the citizenship of "every individual or entity whose citizenship is attributed to that party or intervenor" "(A) when the action is filed in or removed to federal court, and (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a)." Fed. R. Civ. P. 7.1(a)(2) (emphasis added). The party or intervenor "*must*" file its Rule 7.1 disclosure "with its first appearance, pleading, petition, motion, response, or other request addressed to the court," and again "promptly," if any required information changes. Fed. R. Civ. P. 7.1(b) (emphasis added).

The party invoking the Court's jurisdiction bears "the burden of demonstrating that the court has subject matter jurisdiction to hear an action." *Nguyen v. Cache Creek Casino Resort*, 2021 WL 22434, at *2 (E.D. Cal. Jan. 4, 2021), *report and recommendation adopted sub nom. Hung Nguyen v. Cache Creek Casino Resort*, 2021 WL 568212 (E.D. Cal. Feb. 16, 2021) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

Despite Costco's contention that Lawler is a sham defendant, Lawler remains a Defendant in the case. Accordingly, because the Court does not know Lawler's citizenship, and he remains a Defendant, the Court cannot conclude that complete diversity exists. Additionally, no party has complied with the requirements of Rule 7(a)(2). This action is based upon diversity jurisdiction, and, therefore, each party is required to file a disclosure statement naming and identifying the citizenship of each of its owners or members. *See* Fed. R. Civ. P. 7.1.

In view of the Court's concerns that it lacks subject matter jurisdiction over the instant action with respect to the complete diversity requirement, the Court

---

[6]    *Id.* at ¶¶ 4 & 5(c)-(e).

**CIVIL MINUTES— GENERAL**   Initials of Deputy Clerk <u>cla</u>

concludes that it would be an inefficient use of judicial resources to adjudicate the instant action any further without firmly establishing that removal was both substantively proper under 28 U.S.C. § 1332 and procedurally correct under 28 U.S.C. § 1446.

Therefore, on its own motion, the Court hereby **ORDERS** as follows:

1.      Each party is **DIRECTED** to file no later than June 5, 2026, its Rule 7.1(a)(2) Disclosure Statement and a supplemental memorandum (including supporting evidence, to the extent necessary) explaining whether this Court has subject matter jurisdiction over the instant action.

2.      A hearing on this Order to Show Cause is **SET** for June 26, 2026, at 11:00 a.m., in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

**IT IS SO ORDERED.**

**CIVIL MINUTES— GENERAL**     Initials of Deputy Clerk cla